UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


**CAPT. WILLIAM J. KRESSEN**,
Plaintiff

Civil No. 04-1049(DRD)

v.

**BENJAMIN ANGUEIRA-AGUIRRE, ESQ.**,
Defendant


### ORDER

     An Initial Scheduling Conference was held in the instant case on March 9, 2005.  At said conference, counsel for plaintiff explained to the Court that serious representation issues had arisen amongst his client and himself – refusal to take counsel's advise, communicating with defendant, entering into contracts with defendant, among others – and wished to be withdrawn as his legal representative.  The Court, thus, granted all legal representatives until March 29th, 2005 to file their requests for withdrawal.  (Docket No. 17).  Counsel for plaintiff proceeded to file their request on March 29th, 2005, and provided notice to plaintiff.  (Docket No. 18).  The Court, through an amended order, ultimately granted plaintiff's counsel's request on June 28th, 2005, and provided plaintiff Kressen until Wednesday, July 20th, 2005 to announce new legal representation (the plaintiff was on notice since late March/early April as to counsel's request).  Moreover, through said order, the Court also duly warned plaintiff Kressen that failure to hire legal counsel would invariably result in the Court dismissing the instant case for failure to prosecute.  (Docket No. 20).  However, notwithstanding the clarity of the order and plaintiff's various telephone conferences with the Court's personnel (law clerk assigned to the case), plaintiff did not comply with this order.  Instead, belatedly on July 21, 2005, plaintiff's legal representative – who is not admitted to practice law in this jurisdiction – **faxed** – which is definitely not an authorized filing pursuant to the Fed.R.Civ.P and our Local Rules – to the undersigned's chambers a letter attaching a motion for leave to file a motion for extension of time to obtain new local counsel.

     "[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs". Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), *quoting* Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002).  Furthermore, counsel do not run the Court.  Thus, parties have an "**unflagging duty to comply with clearly communicated case-management orders**". Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998) (*emphasis added*). It is self-evident that "courts cannot function if litigants may, with impunity, disobey lawful orders." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 5, HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988). "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983).

Plaintiff Kressen has evidenced a lack of prosecution in this case. As it stands, he had **close to four (4) months to appear with new local legal representative**. Rather, after, both him and counsel Appel, being warned on more than one occasion that the deadline was a firm date and that the Court could only accept outside counsel with a co-signature of a local counsel as required by Local Rule 83.1(f) - (h), plaintiff chose, notwithstanding, to, in an untimely fashion, request an extension of time (Local Rules require *pro hac vice* attorneys to have a local attorney to sign and to respond to the Court for potential disciplinary procedures. *See* Local Rule 83.1(g)). Accordingly, plaintiff's complaint should be dismissed without prejudice as a sanction for his obvious lack of prosecution. Furthermore, "[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. at 43, 111 S.Ct. at 2132 (citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act sua sponte to dismiss a suit for failure to prosecute." Id., at 44. Thus, the Court holds that plaintiff's clearly evidenced lack of prosecution and failure to follow the Court's order warranting dismissal.

The Court advises the plaintiff that a party simply "cannot expect a trial court to do [their] homework for [them]." Mackoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir. 1991) Moreover, it explained that a moving party is responsible for putting its best foot forward in an effort to present a legal theory that will support its claim. Id. at 23 (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 52 (1st Cir. 1990)). The Court finds he has failed to be **reasonably** diligent.

Plaintiff has failed to prosecute his case. He has enjoyed four months to find local counsel and non has appeared. The Court does not have the "obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F. 2d 18, 19 (1st Cir. 1990). Therefore, dismissal is firmly founded in this case in view of plaintiff's disregard of the Court's order.

This case is hereby **DISMISSED WITHOUT PREJUDICE FOR LACK OF PROSECUTION.**

Judgment will be issued accordingly.

**THIS CASE IS CLOSED.**

**IT IS SO ORDERED.**

DATE: July 26, 2005                                              S/ Daniel R. Dominguez
                                                                 **DANIEL R. DOMINGUEZ**
                                                                 **U.S. DISTRICT JUDGE**